TUATO'O TAUTALATASI, Plaintiff

v.

TAUA'A LI, FAUMUINA FAMILY, TOIA FALEUILA,
Rev. ELI FUIMAONO, and Members of the
CONGREGATIONAL CHRISTIAN CHURCH in the
Village of Alofau, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 26-88

April 23, 1990

Before REES, Associate Justice, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono
 For Defendants, Togiola T.A. Tulafono

This action began as an effort by plaintiff Tuato'o Tautalatasi to enjoin the construction of a minister's house. The house is on a tract of land in Alofau long used by the Congregational Christian Church.

Plaintiff claims this tract to be a Tuatoʻo family land called Falesa. The defendants claim the land is called Asosama and belongs to the Faumuina family.

During the course of the litigation it became clear that plaintiff did not in fact object to the construction of a new house for the minister, but wished only that the building permit should designate the Tuatoʻo family rather than the Faumuina family as the land owner. By stipulation among the parties the construction was therefore allowed to proceed. The action proceeded as one between the two families over title to the land, and those defendants who had been sued in their capacities as church officials took no further part.

Plaintiff contends that the land in question has already been held to belong to the Tuatoʻo family. He directs our attention to *Tia v. Faumuina*, 1 A.S.R. 201 (1909). That case was precipitated partly by two leases contracted by the then reigning Faumuina, and partly by a will in which the same Faumuina purported to leave his children the whole village of Alofau and much of the island of Aunuʻu. Several chiefs of Alofau, including Tuatoʻo, claimed to own the two tracts of land that had been leased: one called Asosama and another called Fale Sa, a part of larger tract known as Faleteine. These chiefs based their claim on their descent from a person called Fepuleaʻi.

The Court found that Fepuleaʻi had once held pule over all the lands of Alofau, but that Faumuina had come from Upolu and acquired lands in Alofau including the land called Asosama. Since Faumuina had long occupied Asosama, the Court declined to "investigat[e] the equities of the alleged transfer, or seizure, of the land, at the time Faumuina came over from Upolu." *Id.*, 1 A.S.R. at 203. With regard to Faleteine, however, the Court held that the pule of Faumuina had been "steadily denied and disregarded" by the descendants of Fepuleaʻi. *Id.* at 204. This land therefore belonged to the plaintiffs, including Tuatoʻo.

Plaintiff contends that the land now in dispute is the tract called Fale Sa which was discussed in the 1909 opinion. He supports this contention by reference to his own childhood memories of playing amid the ruins of a former church building (fale sa) on the land; to his father's having pointed out the boundaries of Faleteine to him; and to the existence of some ifi trees toward the back of the area he calls Faleteine, an ifi grove apparently figuring heavily in the history of the Tuatoʻo family.

11

Defendants contend that Faleteine is a considerable distance from the land presently in dispute. Their position was supported at trial by the testimony of Tago Seva'aetasi, whose ancestor in title was one of the co-plaintiffs in the 1909 case, to the effect that Asosama extends as far as a stream about two hundred feet east of the minister's house. To the east of this stream, according to Tago and the other Faumuina witnesses, are the lands of his family and one other. To the east of these lands, in turn, is the Tuato'o land called Faleteine. (Tuato'o acknowledges that his family owns this land to the east and that it is called Faleteine, but maintains that Faleteine also includes the land presently in dispute.)

According to Tago and the other Faumuina witnesses, the part of Faleteine called "Fale Sa" was named not after the old church building remembered by Tuato'o --- which was in use perhaps as late as the 1930s --- but after a small chapel which had been abandoned at some time prior to 1904 when Fale Sa was leased to H.J. Moors. This chapel, according to Tago, was located some distance to the east of the land now used by the Church, in roughly the same place he identifies as Faleteine. Tago also testified, however, that the shoreline has unfortunately receded over a hundred feet during the present century. If so, the entire tract called Fale Sa that was leased to Moors in 1904 --- which extended 150 feet along the shoreline and 101 feet back from the shore --- is presently under water.

Whether or not the land called Fale Sa still exists, we hold that Tuato'o has not carried his burden of proving that it includes the land presently at issue. Indeed, the evidence clearly preponderates in favor of the defendants' position that this land is part of the Faumuina tract called Asosama. In the first place, both the 1904 lease and a later lease (from the victorious plaintiffs in the 1909 case, including Tuato'o, to E.H. Partridge) designate "the creek" as the western boundary of Fale Sa. There is no creek at the western boundary of the area designated by plaintiff as Fale Sa. The best plaintiff's surveyor could say was that there may once have been a creek, although he can find no particular evidence of it. There is, however, a creek about two hundred feet to the east (where the Faumuina family locates the eastern boundary of Asosama) and another a short distance further east (where Tago says his boundary with the Tuato'o family is located). Either of these two locations is thus a far more plausible candidate for the western boundary of Falesa than the line Tuato'o says his father pointed out to him.

The defendants' historical evidence is more plausible than plaintiff's in yet another way. It makes no sense that Moors or Partridge

12

would want to rent a small tract (Fale Sa was only about a third of an acre) on which stood a church building still in active service, even if its owners were willing to rent it out. The map accompanying the 1904 lease refers to the "Old Church," presumably referring to a building no longer used as such. It makes perfect sense that a tract such as the one described by Tago, containing an abandoned church, would have been leased to Moors and Partridge under the name "Fale Sa"; it seems far less likely that they would have rented the land now in dispute, on which a church building remained in use twenty or thirty years after the date of the lease.

Moreover, the evidence is to the effect that the Faumuina family has for some time exercised actual control over the area now in dispute. Most recently, in 1977 Faumuina was designated as the land owner on a building permit for a Church residence and meeting hall. Tuato'o raised no objection. In contrast, the building permits introduced into evidence by plaintiff as evidence of Tuato'o pule over Faleteine all have to do with an area well to the east of the Church buildings --- apparently with the very land identified by Tago as the extent of the Tuato'o holdings called Faleteine. (It is undisputed that the Tuato'o family also owns some land to the west and inland from Asosama, but this land is not claimed to be part of Faleteine.)

Finally, the 1909 decision on which plaintiff relies did not hold Faleteine to be the sole property of the Tuato'o family. Rather, it held this tract to belong to the descendants of Fepulea'i including "Tago, Fepuliai [sic], Tia, Tafea, Maata, Muafono, Tuatoo, [and] Ufagafa. *Tia v. Faumuina*, 1 A.S.R. at 201. With respect to the part of Faleteine designated as Fale Sa, the 1910 lease designated "Tia, Tuato'o, and Salavea Tafea, chiefs and landowners of the village of Alofau," as "lessors." We have no evidence of which parts of Fale Sa belonged to the Tuato'o family and which to the other families. Even if plaintiff had carried his burden of proving that Fale Sa was where he says it is, therefore, he would not have shown himself entitled to the relief he requests.

We hold the land currently occupied by the Church buildings to be part of the Faumuina land called Asosama. Accordingly, judgment will be entered for the defendants dismissing the complaint.

It is so ordered.